In the Matter of the Claim of HUBERT SCHIEVE, Respondent, against BORDER BUILDING Co. and MASSACHUSETTS BONDING AND INSURANCE COMPANY, Appelants, and SCHIEVE CONSTRUCTION Co. and LIBERTY MUTUAL INSURANCE COMPANY, Respondents. STATE INDUSTRIAL BOARD, Respondent.— This is an appeal from an award of the State Industrial Board awarding claimant compensation against the Border Building Co. as employer and Massachusetts Bonding and Insurance Company as insurance carrier. The employer and carrier both appeal on the ground that claimant was employed by the Schieve Construction Co., and not by the Border Building Co., at the time of the accident. The facts in brief are as follows: Claimant and two fellow workers employed by the Schieve Construction Co., went to Eden High School to do some structural steel work contracted for by the Schieve Construction Co. The Border Building Co. was the general contractor on the job and was that day pouring concrete. Another company known as Sub-Contractor Corporation was supposed to lay the wire mesh prior to the concrete pouring. Employees of the Sub-Contractor Corporation, however, did not appear on the day in question so that the general contractor was having its own laborers lay the wire mesh. Claimant and his fellow workers noticed this procedure as they prepared to commence their structural steel work. They objected on the ground that it was a violation of the rules of the Iron Workers' Union to have non-union laborers lay wire mesh. Accordingly, the foreman in charge of the job on behalf of the general contractor, Border Building Co., told claimant that he would let claimant and his fellow workers finish laying the mesh after they had completed their steel work for the day. Pursuant to this arrangement and after the Border Co.'s foreman had told them they would be paid, claimant and his associates proceeded to lay the mesh after they had finished the structural steel work. It was during the laying of the mesh that the accident occurred resulting in injury to the claimant. The State Industrial Board properly found that claimant was employed by the Border Co. at the time of the accident. It is true that he had done one job as an employee of the Schieve Co., but the work on that job had terminated and claimant was acting only as an individual employee under a contract for specific work with the Border Co., while he was

working on the iron mesh. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Crapser, Heffernan, Schenck and Foster, JJ.